**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GIBRAN HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: _____ |
| | § | |
| GREENLET INVESTMENTS, LLC, ROBERT SALMONS, and MARTIN KAY | § § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gibran Hernandez ("Plaintiff" or "Hernandez") brings this Original Complaint to recover unpaid overtime wages from Defendants Greenlet Investments, LLC, Robert Salmons, and Martin Kay (collectively, "Defendants").

### A. Nature of the Action

**Overtime claim under the Fair Labor Standards Act**

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers. . . ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA sets overtime pay requirements for covered employees. 29 U.S.C. § 207(a).

2.  Defendants violated the FLSA when they failed to pay Hernandez at one and one half times his regular rate of pay for hours worked in excess of forty hours per week. Accordingly, Hernandez brings this Original Complaint under Section 216(b) of the FLSA to recover unpaid overtime wages.

### B. <u>Jurisdiction</u>

3. Pursuant to 28 U.S.C. Section 1331 and FLSA Section 16(b), 29 U.S.C. Section 216(b), this Court has jurisdiction over the subject matter of this action.

4. Plaintiff's overtime claim arises under the FLSA. 29 U.S.C. §§ 207(a)(1) and 216(b). In connection with the acts and course of conduct alleged in this complaint, Defendants are employers covered by the FLSA. 29 U.S.C. § 203(d). Defendants have availed themselves of the jurisdiction of this Court by working and doing business within this Court's jurisdiction.

### C. <u>Venue</u>

5. Venue is proper in this district because Defendants are residents of this district and a substantial part of the acts and conduct charged herein occurred in this district. 28 U.S.C. § 1391(b).

### D. <u>The Parties</u>

6. Plaintiff Gibran Hernandez is a resident of Harris County, Texas. He was an employee of Defendants.

7. Defendants jointly employed Hernandez as a projects consultant. Defendants determined the conditions of employment, exercised control over Hernandez, and set his rate of pay. *Hodgson v. Griffin & Brand, Inc.*, 471 F.2d 235, 237-38 (5th Cir. 1973), *cert. denied*, *Griffin & Brand, Inc. v. Brennan*, 414 U.S. 819 (1973).

8. Defendants' principal place of business is located in the Southern District of Texas, Houston Division.

9. Defendant Greenlet Investments, LLC is a Texas limited liability company with its principal place of business at 804 William St., Houston, TX 77002. It may be served with

process by serving its Registered Agent, Capitol Corporate Services, Inc. at 800 Brazos, Suite 400, Austin, TX 78701.

10. Defendant Robert Salmons is an individual residing in Harris County, Texas. He acted in the interest of an employer, and had the authority to direct Hernandez's day-to-day activities. Thus, he is an employer under the FLSA. 29 U.S.C. § 203(d); *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194-95 (5th Cir. 1983), *cert. denied*, *Alberding v. Donovan*, 463 U.S. 1207 (1983). He may be served with process at his residence, 4818 Locust St., Bellaire, Texas, 77401, or wherever he may be found.

11. Defendant Martin Kay is an individual residing in Harris County, Texas. He acted in the interest of an employer, and had the authority to direct Hernandez's day-to-day activities. Thus, he is an employer under the FLSA. 29 U.S.C. § 203(d); *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194-95 (5th Cir. 1983), *cert. denied*, *Alberding v. Donovan*, 463 U.S. 1207 (1983). He may be served with process at his residence, 1401 Sterrett St., Houston, Texas, 77002, or wherever he may be found.

### E. Facts

**Defendants failed to pay Hernandez for hours worked in excess of forty hours per week.**

12. Greenlet Investments, LLC is engaged in the purchase and sale of residential properties to real estate investors and builders. Robert Salmons and Martin Kay are managers of Greenlet Investments, LLC.

13. Hernandez was employed with Greenlet Investments, as a project consultant. He was responsible for purchasing, renovating, and selling certain "qualified" residential properties for Defendants. Hernandez also acted as full-time property manager for all homes. He was also

expected to provide a full training manual for future employees and to work as needed on any special projects that might require his skill-set.

14. Hernandez was an employee with Defendants until he submitted his 30-day notice of resignation on May 5, 2012. Defendants waived the 30-day notice period, making Hernandez's resignation effective immediately.

15. Defendants regularly directed his work.

16. On or around January 1, 2012, Hernandez started working for Defendants. Defendants agreed to pay him on a commissions basis, in which the first $65,000.00 of profit gained through the sale of "qualified" properties by Hernandez would be set aside in a special account for the purpose of paying Hernandez for twelve months of work.

17. During his employment with Defendants, Hernandez regularly worked more than forty hours per week. Defendants paid him on a commission basis. However, Defendants failed to pay Hernandez for all hours worked in excess of forty hours per week at one and one half times his "regular rate."

**Defendants' illegal actions were and are willful violations.**

18. The illegal pattern or practice on the part of Defendants with respect to overtime compensation was in violation of the FLSA. No exemption excuses Defendants from paying Hernandez at his overtime rate. Nor have Defendants made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully and/or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation and the payment of wages to Hernandez.

**F. Cause of Action 1: Failure to pay overtime wages under the FLSA**

19.     Hernandez incorporates herein by reference all allegations contained in paragraphs 1 through 19.

20.     Defendants' practice of failing to pay Hernandez all overtime compensation at one and one half times his regular rate for all work in excess of forty (40) hours was and is in violation of the FLSA.  29 U.S.C. § 207(a).  Accordingly, Hernandez is entitled to payment for all overtime hours worked in an amount that is one and one half times his regular rate of pay.

21.     No exemption applies to Hernandez.

## G.  Damages

22.     As a direct and proximate result of the Defendants' conduct, Plaintiff suffered the following injuries and damages:

  a. Unpaid overtime wages under the FLSA;
  b. Liquidated damages in an amount equivalent to unpaid overtime wages;
  c. Unpaid bonuses;
  d. All reasonable and necessary attorneys' fees; and
  e. All reasonable and necessary costs incurred in pursuing this lawsuit.

## H.  Attorney Fees & Costs

23.     Plaintiff is entitled to an award of attorney fees and costs under 29 U.S.C. Section 216(b).  Plaintiff is also entitled to an award of attorney fees and costs under TEX. CIV. PRAC. & REM. CODE § 38.001.

## I.  Jury Request

24.     Plaintiff requests a jury trial and tenders the appropriate jury fee in connection with the filing of this complaint.

### J. Prayer

25. For these reasons, Plaintiff Gibran Hernandez respectfully requests this Court to:

   a. Declare that Greenlet Investments, LLC, Robert Salmons, and Martin Kay have violated the overtime provisions of the FLSA as to Plaintiff;

   b. Declare the Defendants' violations of the FLSA to be willful;

   c. Award Plaintiff damages for the amount of unpaid overtime compensation and bonuses subject to proof at trial;

   d. Award Plaintiff an equal amount as liquidated damages as allowed under the FLSA;

   e. Award Plaintiff reasonable attorneys' fees, costs and expenses of this action as provided by the FLSA; and

   f. Award any other relief to which he is entitled under law or equity.

Respectfully submitted,

_/s/ Charles A. Sturm_
Charles A. Sturm
Texas Bar No. 24003020
Federal Bar No. 21777
Bank of America Center
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
csturm@steelesturm.com

ATTORNEY-IN-CHARGE FOR
PLAINTIFF GIBRAN HERNANDEZ